Kirkpatrick C. J.
If I understandthisca.se, which indeed it is not very easy to do, the judgment cannot be maintained.
On the 23rd of March 1809, Robert Carhart, gave a sealed bill to Hugh Miller, for 31 dollars, 33 cents, payable in three months, and on the 3rd of February 1811, he paid 12 dollars, which is endorsed.
On the 19th of March 1811, Miller assigned this bill to Samuel Carhart, for value received.
On the 5th of March 1814, Miller instituted a suit against Carhart, for 2 dollars, 67 cents, before John Apgar, esq. and obtained a judgment for that sum, with costs ; and on the 20th of February 1818, this action was instituted, in the form in which it appears, to recover the sum due in the said bill of the 23rd of March 1809.
The defendant pleaded the former judgment had and entered before justice Apgar, in his defence, and offered the transcript of his docket in evidence. And though it would appear that this *was a good plea if the bill had not been assigned, yet that having been assigned, and become the property of another, it was impossible that it could lawfully have been included in that judgment, and therefore the plea was unavailable.
But then this presents another difficulty which is fatal to the judgment in this action. The bill having been as *662 signed, and the legal property therein having been trans-to Samuel Carhart, neither Miller nor Wandling, nor any person without an assignment, could maintain an action upon it.
Bonds and sealed bills assigned, do not now stand upon the same footing as formerly. Then the equitable interest only passed by the assignment, and the legal interest remained in the assignor, and therefore the action at law, must necessarily be brought in his name; but now, when, by the statute, both the legal and the equitable interest passes to the assignee, the action can be maintained only in his name.
Let this judgment therefore be reversed.
Southard J.
This action which was commenced on , the 20th February 1818, is founded upon a sealed bill, signed by Carhart, promising, three months after date, to pay “ to Hugh Miller or his heirs,” 31 dollars, 33 cents, with interest, and bearing date 23rd May 1809. On the bill there is a credit of 12 dollars, on the 3rd of February 1811, and an endorsement in the following words: “March 19, 1811. I assign all my right, claim and demand of the within note, to Samuel Carhart, for full value received by me, Hugh Miller,” and the name of Samuel Carhart is also endorsed on it.
Carhart, the defendant, pleaded that the action ought to abate, because before the commencement of it, viz. on the 19th of March 1814, Miller had sued him before John Apgar, esq. for 2 dollars, 87 cents, and on the 2nd April 1814, recovered judgment for the same, and that this bill was, or ought to have been included in that judgment. The facts stated in the plea as to the suit and judgment, were supported by a transcript from justice Apgar. And it is supposed that this being so, the plaintiff below, ought not to have prevailed in his action. But I am at a loss to perceive how that action can be considered as having any influence upon this. Miller had parted with the bill before he commenced that action; but even if he had not, if both had been in *his hands, he might well have sustained a separate action on each at the same time. The account and the sealed bill were separate causes of action, *663 which might, it is true, have been united ; but there is no reason to be found either in common law or any of our statutory provisions, which would render a suit and judgment upon the one, a bar to a suit upon the other. The plaintiff has it in his power to unite or keep them separate.
But if this doctrine be true, it is supposed that there can be no recovery on this bill in the name of Miller, because he had sold his right in the bill, and therefore the action must be in the name of his assignee. I believe the case of Reed and Bainbridge, ante 351, establishes the principle that under our statute, the assignee of a bond or bill, must bring the suit in his own name, and must not bring it in the name of the assignor. But this can apply only to bonds and bills, which are in their words and nature assignable. It cannot apply to bills, which like the present, cannot be assigned. The statute does not alter the nature of the instrument, nor does it regulate any but such as are assignable, (a) If it do, then no suit can be brought upon this bill or any other of a like character, where the obligee has parted with his right to it. This I think is not so. The suit may always be brought in the name of the person to whom the bill is payable, but for the use and benefit of the person holding the interest in it. Pen. 142, 463, 965, 844. Coxe 177. In the present case, I consider the action rightly brought, in the name of Miller; Wandling being stated as the real plaintiff, merely for the purpose of shewing to whom the money was coming.
I see no reason why the judgment should be reversed, and am for affirmance.

 Sheppard vs. Stites, 2 Hal. 90. Bennington Iron Co. vs. Rutherford, 3 Har. 158.